Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JONATHAN MURGA RODRÍGUEZ <br><br> Recurrente <br><br> v. <br><br> DEPARAMENTO DE CORRECCIÓN Y REHABILITACIÓN <br><br> Recurrido | KLRA202400239 | *REVISIÓN JUDICIAL* <br> Procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece Jonathan Murga Rodríguez ("señor Murga Rodríguez" o "Recurrente") mediante un escrito intitulado *Solicitud de Revisión Administrativa* recibido el 13 de mayo de 2024. Nos solicita la revisión de la *Resolución* emitida el 4 de abril de 2024 y notificada 22 de abril del mismo año, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación ("DCR"). Por medio de este dictamen, el DCR determinó que la persona autorizada para disponer de las solicitudes de remedios es el superintendente de la institución.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

### I.

Conforme surge del expediente ante nos, el 8 de enero de 2024, el Recurrente, quien es miembro de la población correccional en la institución Bayamón 501, presentó una *Solicitud de Remedio*

*Administrativo* ("*Solicitud*").[1] En esta, alegó que llevaba más de cinco (5) meses llenando *sick calls* pues cada vez que se afeitaba le salía un *rash* que dejaba la piel de su cara en "carne viva". Adujo que esto le había traído problemas, ya que para afeitarse necesitaba una crema que se le agotaba con frecuencia. Sostuvo que el superintendente del Anexo 501 exigía que todos los confinados debían estar afeitados para salir del módulo y poder realizar actividades tales como asistir a terapias psicológicas, terapias con trabajadora social, citas médicas entre otros asuntos. Por ello, solicitó que se le permitiera tener barba, y, además, tener una máquina de afeitar. Del mismo modo, solicitó que, en la alternativa, le autorizaran a un familiar a proveerle una crema depiladora para así no tener problemas con los oficiales. Cabe resaltar, que esta *Solicitud* fue dirigida al "Director Médico Marcos Devarie".

En respuesta, el 10 de enero de 2024, el DCR emitió una *Respuesta del Área Concernida/Superintendente* (*Respuesta*).[2] Mediante esta, se le informó al Recurrente que **debía pasar por el área médica para ser evaluado**. Asimismo, se le notificó que, **de tener alguna condición médica, debía tener un certificado expedido por el galeno para poder realizar las gestiones referentes a medicamentos**.

Inconforme, el 29 de enero de 2024, el señor Murga Rodriguez presentó una *Solicitud de Reconsideración.*[3] En esencia, adujo que la *Solicitud* estaba dirigida al director médico y la persona que emitió la *Respuesta* fue el superintendente Victor Maldonado Vázquez. Agregó que este último no tenía facultad para emitir dicha decisión pues "no tiene la facultad en ley para ejercer una profe[s]ión de la cual no tienen preparación académica ni licen[c]iatura".[4]

---

[1] *Véase*, Anejo I de la Moción de Reconsideración de la parte Recurrente.
[2] *Íd.*, Anejo II.
[3] *Íd.*, Anejo III.
[4] *Íd.*

El 4 de abril de 2024, notificado el 22 de abril del mismo año, el DCR emitió *Resolución.*[5] Mediante esta formuló las siguientes determinaciones de hechos:

1. El recurrente presento Solicitud de Remedios Administrativos el 8 de enero de 2024 ante el Evaluador de Remedios Administrativos, Maribel García Charriez de la Oficina de Bayamón. En su escrito alega que tiene una situación medica; en la cual no puede afeitarse por tener la piel de la cara sensitiva. Solicita que se le permita tener una máquina de afeitar para poder recibir los servicios institucionales debidamente acicalado.

2. El 9 de enero de 2024 se hizo Notificación dirigida al Sr. Victor [sic] Maldonado Vazquez [sic] , Superintendente, Institución Correccional Bayamón 501.

3. El 10 de enero de 2024 se recibió respuesta por parte del Sr. Victor [sic] Maldonado Vazquez [sic], Superintendente, Institución Correccional Bayamón 501.

4. El 24 de enero de 2024 se hace la entrega al recurrente del Recibo de Respuesta. 5. El 29 de enero de 2024, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que sometía el recurso a la División de Remedios Administrativos ya que la contestación del Sr. Maldonado es improcedente ya que iba dirigida al Director Médico.[6]

Consonó con estas, el DCR concluyó que el superintendente era la única persona que podía autorizar máquinas de afeitar a los miembros de la población correccional. Inconforme, el 13 de mayo de 2024, el Recurrente presentó una *Solicitud de Revisión Administrativa* ante esta Curia. En síntesis, sostuvo que llevaba más de diez (10) meses llenando el formulario de *sick call* a raíz de la Orden Administrativa que exigía a los miembros de la población correccional estar afeitado y acicalado, por lo que le recetaron "una crema para el *rash* que le ocasiona afeitarse" en lugar de permitirle el uso de una "barba provisional". Además, reiteró que "el Sr. Maldonado V[á]zquez no es Doctor por lo que es improcedente Dar Autorización M[é]dica en relación de estos Hechos".

El 31 de mayo de 2024, esta Curia emitió una *Resolución.* Por virtud de esta, desestimamos el recurso por incumplir con la Regla

---

[5] Véase, Anejo I, *Moción en Cumplimiento de Resolución* de la parte Recurrida, págs. 11-13.
[6] Id., pág. 11.

83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.83. Ello obedeció a que el señor Murga Rodríguez no demostró que recurría de una resolución final lo cual nos privaba de jurisdicción. Inconforme, el 24 de junio de 2024, el Recurrente presentó un documento intitulado *Moción de Reconsideración [...]*. Mediante esta, anejó los documentos concernientes a su caso. Así pues, el 30 de julio de 2024, esta Curia emitió una *Resolución* en la cual declaramos *Ha Lugar* la solicitud de reconsideración.

De conformidad con la Regla 7(B)(5) de nuestro Reglamento, prescindiremos de la comparecencia de la parte recurrida, a los fines del lograr el más justo y eficiente despacho del caso ante nos. Por tanto, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.
### A. *Revisión Administrativa*

Toda determinación administrativa está cobijada por una presunción de regularidad y corrección, por ende, la revisión judicial de este tipo de decisiones se circunscribe a determinar si la actuación de la agencia es arbitraria, ilegal, o tan irrazonable que la misma constituye un abuso de discreción. *Véase, Otero v. Toyota*, 163 DPR 716 (2005). Los tribunales no deben sustituir el criterio de la agencia o junta concernida, excepto si se demuestra que la decisión se tomó de forma arbitraria o caprichosa, o mediante fraude o mala fe. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 1006 (2009). De igual forma, los tribunales deben dar deferencia a las determinaciones de las agencias sobre asuntos que se encuentren dentro del área de especialidad de éstas. *UPR v. Unión Oficiales UPR*, 206 DPR 140, 155 (2021).

Dicha deferencia, emana del reconocimiento de que de ordinario las agencias administrativas están en mejor posición para hacer determinaciones de hechos al tratar con una materia sobre la

cual tienen un conocimiento especializado. *Metropolitana SE v. ARPE*, 138 DPR 200, 213 (1995); *Gallardo v. Clavell*, 131 DPR 275 (1992). Más aún, cuando la determinación de una agencia esté apoyada por evidencia sustancial que obre en el expediente del caso, los tribunales deben abstenerse de sustituir el criterio de la agencia por el judicial. *Otero v. Toyota, supra*, págs. 727-728.

La Sección 4.5 de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9675, establece que la revisión judicial de una resolución administrativa se extiende exclusivamente a evaluar: (1) si el remedio concedido es el adecuado; (2) si las determinaciones de hechos están sostenidas por la evidencia sustancial que surge de la totalidad de expediente; y (3) si las conclusiones de derecho son correctas, para cuyo escrutinio no tenemos limitación revisora alguna. Mejor dicho, la intervención del tribunal revisor se limita a evaluar si la decisión administrativa es razonable y conforme a derecho.

Para impugnar la razonabilidad de la determinación o demostrar que la evidencia que obra en el expediente administrativo no es sustancial, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de tal evidencia. *OEG v. Santiago Guzmán*, 188 DPR 215, 227 (2013).

### B. *Procedimiento para Atender Solicitudes de Remedios Administrativos*

Cónsono con lo anterior, el DCR adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, 4 de mayo de 2015 (Reglamento Núm. 8583) en virtud del Plan de Reorganización del Departamento de Corrección y Rehabilitación del 2011, Núm. 2-2011. El precitado cuerpo reglamentario dispone que

el miembro de la población correccional tendrá quince (15) días calendario, contados a partir de advenir en conocimiento de los hechos que motivan su solicitud, salvo que medie justa causa o caso fortuito que impidan su presentación. Regla XII (2), Reglamento Núm. 8583, *supra*

Al presentarse una solicitud de remedio administrativo, un Evaluador estará a cargo de recopilar, recibir, evaluar y contestar la solicitud de remedio administrativo conforme a la respuesta emitida por el superintendente de la institución correccional. Regla IV (11), Reglamento Núm. 8583, *supra*. La respuesta administrativa consiste en un "[e]scrito emitido por el Evaluador, en el cual se contesta la solicitud del remedio administrativo radicada por el miembro de la población correccional". Regla IV (20), Reglamento Núm. 8583, *supra*. Si el confinado resulta inconforme con la respuesta del Evaluador, le corresponde presentar una *Solicitud de Reconsideración* dentro del término de veinte (20) días contados a partir del recibo de la notificación según dispone el cuerpo reglamentario agencial. Regla XIV (1), Reglamento Núm. 8583, *supra*. En tal caso, el Coordinador de la División emitirá una *Respuesta de Reconsideración*. Dicha resolución comprende un "[e]scrito emitido por el Coordinador, en el cual se contesta la solicitud de reconsideración acogida, radicada por el miembro de la población correccional". Regla IV (21), Reglamento Núm. 8583, *supra*. Ese dictamen "deberá contener un (1) breve resumen de los hechos que motivaron la solicitud, (2) el derecho aplicable y (3) la disposición o solución a la controversia planteada". *Íd*.

**III.**

En el presente recurso, el señor Murga Rodríguez sostiene que el DCR emitió una *Respuesta* a su *Solicitud* de manera improcedente, ya que quien emitió dicha *Respuesta* no era un médico. No le asiste la razón. El Reglamento Núm. 8583, *supra*, es

diáfano en cuanto a quien tiene la responsabilidad de emitir las respuestas de las solicitudes de remedios administrativos en el DCR. Específicamente, **son los evaluadores** los que están a cargo de recopilar, recibir, evaluar y contestar la solicitud de remedio administrativo **conforme a la respuesta emitida por el superintendente de la institución correccional**. Regla IV (11), Reglamento Núm. 8583, *supra.*

En el presente caso, la *Respuesta de Área Concernida/Superintendente* que se emitió el 10 de enero de 2024 y se notificó el 22 de enero de 2024 fue dictada conforme a derecho. Ello pues, **fue el superintendente** Victor Maldonado Vázquez quien suministró la respuesta y **la evaluadora,** la señora Maribel García Charriez, fue quien la trabajó. En ese sentido, el Recurrente viene obligado a acatar dicha *Respuesta [...].* De esta manera, colegimos que no existe una actuación del DCR arbitraria, ilegal, o tan irrazonable que la misma constituya un abuso de discreción, por lo cual corresponde confirmar el dictamen recurrido.

**IV.**

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones